UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA VOTE BY MAIL, an Indiana non-profit corporation; VIRGINIA WOESTE; RENEE CASON; LEACH KENAGE; PATRICIA BROWN; and PATRICIA CARLIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:19-cv-04245-SEB-MJD |
| INDIANA ELECTION COMMISSION; PAUL OKESON; S. ANTHONY LONG; SUZANNAH WILSON OVERHOLT; and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission; and CONNIE LAWSON, in her official capacity as Indiana Secretary of State, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CONNIE LAWSON'S ANSWER**

Defendant Indiana Secretary of State Connie Lawson, by counsel, answers Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

**I. INTRODUCTION**

1. This paragraph is introductory and a summary of the entire complaint and, accordingly, no response is necessary.

2. Deny.

3. Admit that Tippecanoe County, Hamilton County, and Hendricks County have used DRE systems in elections. Deny remaining allegations in paragraph 3.

4. Deny.

5. Deny.

1

6. This paragraph is a legal argument and contains no allegations, no response is necessary.

7. This paragraph is a legal argument and contains no allegations, no response is necessary.

8. This paragraph is a legal argument and contains no allegations, no response is necessary.

9. The Indiana Constitution speaks for itself. This paragraph also contains no allegations, no response is necessary.

10. This paragraph is a legal argument and contains no allegations, no response is necessary.

11. This paragraph is a legal argument and contains no allegations, no response is necessary.

12. This paragraph is a legal argument and contains no allegations, no response is necessary.

13. This paragraph is a legal argument and contains no allegations, no response is necessary.

14. Deny.

15. Defendant lacks sufficient information to admit or deny the allegations of paragraph 15.

16. Deny.

17. Deny.

18. This paragraph is a summary of Plaintiffs' claim and, accordingly, no response is necessary.

## II. PARTIES

19. Defendant lacks sufficient information to admit or deny the allegations of paragraph 19.

20. Defendant lacks sufficient information to admit or deny the allegations of paragraph 20.

21. Defendant lacks sufficient information to admit or deny the allegations of paragraph 21.

22. Defendant lacks sufficient information to admit or deny the allegations of paragraph 22.

23. Deny.

24. Defendant lacks sufficient information to admit or deny the allegations of paragraph 24.

25. Defendant lacks sufficient information to admit or deny the allegations of paragraph 25.

26. Defendant lacks sufficient information to admit or deny the allegations of paragraph 26.

27. Defendant lacks sufficient information to admit or deny the allegations of paragraph 27.

28. Defendant lacks sufficient information to admit or deny the allegations of paragraph 28.

29. Defendant lacks sufficient information to admit or deny the allegations of paragraph 29.

30. Indiana Code section 3-6-4.1-14(a) speaks for itself. Admit in part that Defendants Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz are members of the INDIANA ELECTION COMMISSION. Any remaining allegations in paragraph 30 are denied.

31. Indiana Code section 3-11-7.5-1, -8, -13, and -14 speak for themselves. Any remaining allegations in paragraph 31 are denied

32. Indiana Code sections 3-6-3.7-1 and 3-6-4.2-2(a) speak for themselves. Admit in part that Connie Lawson is the Indiana Secretary of State and serves as the chief election official. Any remaining allegations in paragraph 32 are denied

### III. JURISDICTION AND VENUE

33. Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201, and 2202. However, Defendant denies any remaining allegations of paragraph 33.

34. Defendant admits that venue in this division is proper according to 28 U.S.C. § 1391. However, Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 34.

### IV. GENERAL ALLEGATIONS

35. Indiana Code section 3-11-7.5-1 speaks for itself. Any remaining allegations in paragraph 35 are denied.

36. Indiana Code section 3-11-7.5-4 and -28 speak for themselves. Any remaining allegations in paragraph 36 are denied.

37. The records of the IEC maintained by the Indiana Election Division speak for themselves.

38. The IEC has certified DRE and optical scan voting systems for use in elections in Indiana. The applicable statues and records of the IEC speak for themselves.

39. The physical components, operating specifics, technical data and certification data for voting systems speak for themselves. Defendant denies any remaining allegations in paragraph 39.

40. Deny.

41. Deny.

42. The records of the IEC speak for themselves. Defendant lacks sufficient information to admit or deny the allegations in paragraph 42.

43. The records of the IEC speak for themselves. Defendant lacks sufficient information to admit or deny the allegations in paragraph 43.

44. The records of the IEC speak for themselves. Defendant lacks sufficient information to admit or deny the allegations in paragraph 44.

45. Admit.

46. Admit.

47. Defendant lacks sufficient information to admit or deny the allegations in paragraph 47.

48. Defendant lacks sufficient information to admit or deny the allegations in paragraph 48.

### V. SECURITY CONCERNS WITH DRE MACHINES

49. Deny.

50. Defendant lacks sufficient information to admit or deny the allegations in paragraph 50.

51. The link provided speaks for itself. Defendant denies any remaining allegations in paragraph 51.

52. The "Securing the Vote: Protecting American Democracy" Report ("the Report") cited by Plaintiffs speaks for itself. Defendant denies any remaining allegations in paragraph 52.

53. The Report speaks for itself. Defendant denies any remaining allegations in paragraph 53.

54. The Report speaks for itself. Defendant denies any remaining allegations in paragraph 54.

55. The Report speaks for itself. Defendant denies any remaining allegations in paragraph 55.

56. The resolution at the link provided speaks for itself. Defendant denies any remaining allegations in paragraph 56.

57. The article "Election Security in All 50 States" at the link provided by Plaintiffs speaks for itself. Defendant denies any remaining allegations in paragraph 57.

58. Senate Enrolled Act 570 speaks for itself.

59. Indiana Code sections 3-11-15-13.3(c), 3-11-14-2(b) and (c) all speak for themselves.

60. Senate Enrolled Act 405 speaks for itself. Indiana Code sections 3-12-13-4, and -5 also speak for themselves.

61. Defendant lacks sufficient information to admit or deny the allegations in paragraph 61.

62. The Final Report of the Special Counsel Into Russian Interference in the 2016 Presidential Election speaks for itself. Defendant denies any remaining allegations in paragraph 62.

63. The Report on Russian Active Measures Campaigns and Interference in the 2016 U.S. Elections speaks for itself. Defendant denies any remaining allegations in paragraph 63.

64. The Report on Russian Active Measures Campaigns and Interference in the 2016 U.S. Elections speaks for itself. Defendant denies any remaining allegations in paragraph 64.

65. The Stanford Report speaks for itself. Defendant denies any remaining allegations in paragraph 65.

66. The Stanford Report speaks for itself. Defendant denies any remaining allegations in paragraph 66.

67. The Stanford Report speaks for itself. Defendant denies any remaining allegations in paragraph 67.

68. The Stanford Report speaks for itself. Defendant denies any remaining allegations in paragraph 68.

69. Defendant lacks sufficient information to admit or deny the allegations in paragraph 69.

70. Defendant lacks sufficient information to admit or deny the allegations in paragraph 70.

71. The Mueller Report and the Stanford Report speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 71.

72. The EVEREST study speaks for itself. Defendant denies any remaining allegations in paragraph 72.

73. The EVEREST study speaks for itself. Defendant denies any remaining allegations in paragraph 73.

74. Deny.

75. Deny.

76. Admit in part that VVPAT can be effectively audited and deny the remaining allegations in paragraph 76.

77. Deny.

78. Deny.

79. Deny.

80. *Crawford v. Marion Co. Elec. Bd.,* 553 U.S. 181, 191 (2008) speaks for itself.

81. This paragraph is a legal argument and contains no allegations, no response is necessary.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

## VI. FEDERAL CLAIMS

### A. Right to Vote

87. Defendant incorporates responses to paragraphs 1 through 86.

88. This paragraph is a legal argument and contains no allegations, no response is necessary.

89. Defendant lacks sufficient information to admit or deny the allegations in paragraph 89.

90. Deny.

91. This is a legal conclusion and no response is required.

92. This is a conclusion of Plaintiffs' legal argument and no response is required.

### B. Equal Protection

93. Defendant incorporates responses to paragraphs 1 through 92.

94. This paragraph is a legal argument and contains no allegations, no response is necessary.

95. This is a legal conclusion and no response is required.

## VI. STATE LAW CLAIMS

96. Defendant incorporates responses to paragraphs 1 through 95.

97. This is a legal conclusion and no response is required.

98. This is a legal conclusion and no response is required.

## STATEMENT OF AFFIRMATIVE DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, for defenses to Plaintiff's Complaint, Defendant asserts as follows:

1. The complaint fails to state a claim upon which relief can be granted.
2. Plaintiffs' allegations are broad and do not establish causality between the claims made and the Indiana laws complained of.
3. Plaintiffs have not been injured or their injuries are speculative.
4. Plaintiffs lack standing to bring one or more claims asserted.
5. All challenged statutes are constitutional.
6. Plaintiffs cannot establish any discriminatory conduct occurred or will occur as a result of the challenged statutes.
7. Actions performed in accordance with the challenged statutes do not violate the United States Constitution or Indiana Constitution.
8. The challenged statutes do not deny or abridge any voting right.
9. The Secretary reserves the right to assert any and all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

**WHEREFORE**, Defendant requests that Plaintiffs take nothing by way of their Complaint and that judgment be entered for the Defendant.

Respectfully submitted,

CURTIS T. HILL, JR.
Attorney General of Indiana
Attorney No. 13999-20

By: <u>Rebecca McClain</u>
Deputy Attorney General
Attorney No. 34111-49

OFFICE OF ATTORNEY GENERAL CURTIS HILL
302 West Washington Street
IGCS-5th Floor
Indianapolis, IN 46204
p: 317-232-6292 │f: 317-262-7979
Rebecca.McClain@atg.in.gov