UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA VOTE BY MAIL, an Indiana non-profit corporation; VIRGINIA WOESTE; RENEE CASON; LEACH KENAGE; PATRICIA BROWN; and PATRICIA CARLIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:19-cv-04245-SEB-MJD |
| INDIANA ELECTION COMMISSION; PAUL OKESON; S. ANTHONY LONG; SUZANNAH WILSON OVERHOLT; and ZACHARY E. KLUTZ, in their official capacities as members of the Indiana Election Commission; and CONNIE LAWSON, in her official capacity as Indiana Secretary of State, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **DEFENDANTS' AMENDED ANSWER**

Defendants Indiana Election Commission; Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz, in their official capacities as members of the Indiana Election Commission; and Indiana Secretary of State, Connie Lawson, in her official capacity, by counsel, answer Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

### **I. INTRODUCTION**

1. This paragraph is introductory and a summary of the entire complaint and, accordingly, no response is necessary.

2. Deny.

1

3. Admit that Tippecanoe County, Hamilton County, and Hendricks County have used DRE systems in elections. Deny remaining allegations in paragraph 3.

4. Deny.

5. Deny.

6. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

7. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

8. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

9. The Indiana Constitution speaks for itself. This paragraph also contains no allegations against Defendants, no response is necessary.

10. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

11. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

12. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

13. Defendants lack sufficient information to admit or deny the allegations of paragraph 13.

14. Deny.

15. Defendants lack sufficient information to admit or deny the allegations of paragraph 15.

16. Deny.

17. Deny.

18. This paragraph is a summary of Plaintiffs' claim and, accordingly, no response is necessary.

## II. PARTIES

19. Defendants lack sufficient information to admit or deny the allegations of paragraph 19.

20. Defendants lack sufficient information to admit or deny the allegations of paragraph 20.

21. Defendants lack sufficient information to admit or deny the allegations of paragraph 21.

22. Defendants lack sufficient information to admit or deny the allegations of paragraph 22.

23. Deny.

24. Defendants lack sufficient information to admit or deny the allegations of paragraph 24.

25. Defendants lack sufficient information to admit or deny the allegations of paragraph 25.

26. Defendants lack sufficient information to admit or deny the allegations of paragraph 26.

27. Defendants lack sufficient information to admit or deny the allegations of paragraph 27.

28. Defendants lack sufficient information to admit or deny the allegations of paragraph 28.

29. Defendants lack sufficient information to admit or deny the allegations of paragraph 29.

30. Indiana Code section 3-6-4.1-14(a) speaks for itself. Admit in part that Defendants Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz are members of the INDIANA ELECTION COMMISSION. Any remaining allegations in paragraph 30 are denied.

31. Indiana Code sections 3-11-7.5-1, -8, -13, and -14 speak for themselves. Any remaining allegations in paragraph 31 are denied.

32. Indiana Code sections 3-6-3.7-1 and 3-6-4.2-2(a) speak for themselves. Admit in part that Connie Lawson is the Indiana Secretary of State and serves as the chief election official. Any remaining allegations in paragraph 32 are denied

### III. JURISDICTION AND VENUE

33. Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201, and 2202. However, Defendants deny any remaining allegations of paragraph 33.

34. Defendants admit that venue in this division is proper according to 28 U.S.C. § 1391. However, Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 34.

### IV. GENERAL ALLEGATIONS

35. Indiana Code section 3-11-7.5-1 speaks for itself. Any remaining allegations in paragraph 35 are denied.

36. Indiana Code sections 3-11-7.5-4 and -28 speak for themselves. Any remaining allegations in paragraph 36 are denied.

37. The records of the IEC maintained by the Indiana Election Division speak for themselves. Any remaining allegations in paragraph 37 are denied.

38. The IEC has certified DRE and optical scan voting systems for use in elections in Indiana. The applicable statues and records of the IEC speak for themselves. Any remaining allegations in paragraph 38 are denied.

39. The physical components, operating specifics, technical data and certification data for voting systems speak for themselves. Defendants deny any remaining allegations in paragraph 39.

40. Deny.

41. Deny.

42. The records of the IEC speak for themselves. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 42.

43. The records of the IEC speak for themselves. Defendants lack sufficient information to admit or deny the allegations in paragraph 43.

44. The records of the IEC speak for themselves. Defendants lack sufficient information to admit or deny the allegations in paragraph 44.

45. Admit.

46. Admit in part that Tippecanoe County has used Dominion AccuVote DRE voting machines in past elections. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 46.

47. Defendants lack sufficient information to admit or deny the allegations in paragraph 47.

48. Defendants lack sufficient information to admit or deny the allegations in paragraph 48.

## V. SECURITY CONCERNS WITH DRE MACHINES

49. Deny.

50. Defendants lack sufficient information to admit or deny the allegations in paragraph 50.

51. The link provided speaks for itself. Defendants deny any remaining allegations in paragraph 51.

52. The "Securing the Vote: Protecting American Democracy" Report ("the Report") cited by Plaintiffs speaks for itself. Defendants deny any remaining allegations in paragraph 52.

53. The Report speaks for itself. Defendants deny any remaining allegations in paragraph 53.

54. The Report speaks for itself. Defendants deny any remaining allegations in paragraph 54.

55. The Report speaks for itself. Defendants deny any remaining allegations in paragraph 55.

56. The resolution at the link provided speaks for itself. Defendants deny any remaining allegations in paragraph 56.

57. The article "Election Security in All 50 States" at the link provided by Plaintiffs speaks for itself. Defendants deny any remaining allegations in paragraph 57.

58. Senate Enrolled Act 570 speaks for itself. Defendants deny any remaining allegations in paragraph 58.

59. Indiana Code sections 3-11-15-13.3(c), 3-11-14-2(b) and (c) all speak for themselves. Defendants deny any remaining allegations in paragraph 59.

60. Senate Enrolled Act 405 speaks for itself. Indiana Code sections 3-12-13-4, and -5 also speak for themselves. Defendants deny any remaining allegations in paragraph 60.

61. Defendants lack sufficient information to admit or deny the allegations in paragraph 61.

62. The Final Report of the Special Counsel Into Russian Interference in the 2016 Presidential Election speaks for itself. Defendants deny any remaining allegations in paragraph 62.

63. The Report on Russian Active Measures Campaigns and Interference in the 2016 U.S. Elections speaks for itself. Defendants deny any remaining allegations in paragraph 63.

64. The Report on Russian Active Measures Campaigns and Interference in the 2016 U.S. Elections speaks for itself. Defendants deny any remaining allegations in paragraph 64.

65. The Stanford Report speaks for itself. Defendants deny any remaining allegations in paragraph 65.

66. The Stanford Report speaks for itself. Defendants deny any remaining allegations in paragraph 66.

67. The Stanford Report speaks for itself. Defendants deny any remaining allegations in paragraph 67.

68. The Stanford Report speaks for itself. Defendants deny any remaining allegations in paragraph 68.

69. Defendants lack sufficient information to admit or deny the allegations in paragraph 69.

70. Defendants lack sufficient information to admit or deny the allegations in paragraph 70.

71. The Mueller Report and the Stanford Report speak for themselves. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 71.

72. The EVEREST study speaks for itself. Defendants deny any remaining allegations in paragraph 72.

73. The EVEREST study speaks for itself. Defendants deny any remaining allegations in paragraph 73.

74. Deny.

75. Deny.

76. Defendants admit in part that VVPAT can be effectively audited and deny the remaining allegations in paragraph 76.

77. Deny.

78. Deny.

79. Deny.

80. *Crawford v. Marion Co. Elec. Bd.,* 553 U.S. 181, 191 (2008) speaks for itself. Defendants deny any remaining allegations in paragraph 80.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

## VI. FEDERAL CLAIMS

### A. Right to Vote

87. Defendants incorporate responses to paragraphs 1 through 86.

88. This paragraph is a legal argument and contains no allegations against Defendants, no response is necessary.

89. Defendants lack sufficient information to admit or deny the allegations in paragraph 89.

90. Deny.

91. This is a legal conclusion and contains no allegations against Defendants, no response is required.

92. This is a conclusion of Plaintiffs' legal argument and no response is required.

### B. Equal Protection

93. Defendants incorporate responses to paragraphs 1 through 92.

94. This paragraph is a legal argument and contains no allegations, no response is necessary.

95. This is a legal conclusion and no response is required.

## VI. STATE LAW CLAIMS

96. Defendants incorporate responses to paragraphs 1 through 95.

97. This is a legal conclusion and no response is required.

98. This is a legal conclusion and no response is required.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

1. Any allegation not specifically admitted or denied by Defendants is hereby denied.

2. Defendants deny any violation of Plaintiffs' rights.

3. Defendants reserve any and all rights they may have to amend their Answer as the case progresses.

## STATEMENT OF AFFIRMATIVE DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, for defenses to Plaintiff's Complaint, Defendants assert as follows:

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' allegations are broad and do not establish causality between the claims made and the Indiana laws complained of.

3. Plaintiffs have not been injured or their injuries are speculative.

4. Plaintiffs lack standing to bring one or more claims asserted.

5. All challenged statutes are constitutional.

6. Plaintiffs cannot establish any discriminatory conduct occurred or will occur as a result of the challenged statutes.

7. Actions performed in accordance with the challenged statutes do not violate the United States Constitution or Indiana Constitution.

8. The challenged statutes do not deny or abridge any voting right.

9. Defendants reserve the right to assert any and all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

**WHEREFORE**, Defendants request that Plaintiffs take nothing by way of their Complaint and that judgment be entered for the Defendants.

                                                      Respectfully submitted,

                                                     CURTIS T. HILL, JR.
                                                   Attorney General of Indiana
                                                   Attorney No. 13999-20

By:    <u>Rebecca McClain</u>
        Deputy Attorney General
        Attorney No. 34111-49

OFFICE OF ATTORNEY GENERAL CURTIS HILL
302 West Washington Street
IGCS-5th Floor
Indianapolis, IN 46204
p: 317-232-6292 │ f: 317-262-7979
Rebecca.McClain@atg.in.gov