UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA VOTE BY MAIL, an Indiana<br>non-profit corporation; VIRGINIA<br>WOESTE; RENEE CASON; LEACH<br>KENAGE; PATRICIA BROWN; and<br>PATRICIA CARLIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:19-cv-04245-SEB-MJD |
| PAUL OKESON; S. ANTHONY LONG;<br>SUZANNAH WILSON OVERHOLT; and<br>ZACHARY E. KLUTZ, in their official<br>capacities as members of the Indiana<br>Election Commission; and CONNIE<br>LAWSON, in her official capacity as<br>Indiana Secretary of State, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and

Zachary E. Klutz, in their official capacities as members of the Indiana Election

Commission; and Indiana Secretary of State, Connie Lawson, in her official capacity,

by counsel, answer Plaintiffs' Amended Complaint for Declaratory and Injunctive

Relief as follows:

## I. INTRODUCTION

1.     This paragraph is introductory and a summary of the entire complaint;

accordingly, no response is necessary.

2.     Deny.

1

3. Admit that Tippecanoe County, Hamilton County, and Hendricks County have used DRE systems in elections. Deny remaining allegations in paragraph 3.

4. Deny.

5. Deny.

6. This paragraph is a legal argument and contains no allegations against Defendants; accordingly, no response is necessary.

7. This paragraph is a legal argument and contains no allegations against Defendants; accordingly, no response is necessary.

8. This paragraph is a legal argument and contains no allegations against Defendants; accordingly, no response is necessary.

9. The Indiana Constitution speaks for itself. This paragraph also contains no allegations against Defendants; accordingly, no response is necessary.

10. This paragraph is a legal argument and contains no allegations against Defendants; accordingly, no response is necessary.

11. This paragraph is a legal argument and contains no allegations against Defendants; accordingly, no response is necessary.

12. The defendants cannot admit or deny the allegations in paragraph 12 because they are vague. Specifically, it is nowhere evident who the plaintiffs are referring to when speaking of the "near-unanimous consensus from election security experts."

13.     The defendants cannot admit or deny the allegations in paragraph 13 because they are vague. Specifically, it is unclear what constitutes a "handful" of states.

14.     Deny.

15.     Defendants lack sufficient information to admit or deny the allegations of paragraph 15.

16.     Deny.

17.     Deny.

18.     This paragraph is a summary of Plaintiffs' claim; accordingly, no response is necessary.

## II. PARTIES

19.     Defendants lack sufficient information to admit or deny the allegations of paragraph 19.

20.     This paragraph is a legal assertion and contains no factual allegations against Defendants; accordingly, no response is necessary.

21.     This paragraph is a legal assertion and contains no factual allegations against Defendants; accordingly, no response is necessary.

22.     This paragraph is a legal assertion and contains no factual allegations against Defendants; accordingly, no response is necessary. Any factual assertions are denied.

23.     Deny.

24.     This paragraph is a legal assertion and contains no factual allegations against Defendants; accordingly, no response is necessary.

25.     Defendants lack sufficient information to admit or deny the allegations of paragraph 25.

26.     Defendants lack sufficient information to admit or deny the allegations of paragraph 26.

27.     Defendants lack sufficient information to admit or deny the allegations of paragraph 27.

28.     Defendants lack sufficient information to admit or deny the allegations of paragraph 28.

29.     Defendants lack sufficient information to admit or deny the allegations of paragraph 29.

30.     Indiana Code section 3-6-4.1-14(a) speaks for itself.   Admit that Defendants Paul Okeson, S. Anthony Long, Suzannah Wilson Overholt, and Zachary E. Klutz are members of the INDIANA ELECTION COMMISSION.  Any remaining allegations in paragraph 30 are denied.

31.     Indiana Code sections 3-11-7.5-1, -8, -13, and -14 speak for themselves. Any remaining allegations in paragraph 31 are denied.

32.     Indiana Code sections 3-6-3.7-1 and 3-6-4.2-2(a) speak for themselves. Admit that Connie Lawson is the Indiana Secretary of State and serves as the chief election official.  Any remaining allegations in paragraph 32 are denied.

## III. JURISDICTION AND VENUE

33.     This paragraph is a legal assertion and contains no factual allegations against Defendants; accordingly, no response is necessary.

34.     This paragraph is a legal assertion and contains no factual allegations against Defendants; accordingly, no response is necessary.

## IV. GENERAL ALLEGATIONS

35.     Indiana Code section 3-11-7.5-1 speaks for itself. Any assertions inconsistent with the statute are denied.

36.     Indiana Code sections 3-11-7.5-4 and -28 speak for themselves. Any assertions inconsistent with the statute are denied.

37.     The records of the IEC maintained by the Indiana Election Division speak for themselves; the defendants admit that, as of this filing, the named vendors are listed as approved by the Indiana Election Commission.

38.     The IEC has certified DRE and optical scan voting systems for use in elections in Indiana. The applicable statutes and records of the IEC speak for themselves. Any remaining allegations in paragraph 38 are denied.

39.     The physical components, operating specifics, technical data and certification data for voting systems speak for themselves. Defendants deny any remaining allegations in paragraph 39.

40.     Admit that an audit may be for the purpose of confirming tabulation.

41.     Deny.

42.     The records of the IEC speak for themselves.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 42.

43.     The records of the IEC speak for themselves.  Defendants lack sufficient information to admit or deny the allegations in paragraph 43.

44.     The records of the IEC speak for themselves.  Defendants lack sufficient information to admit or deny the allegations in paragraph 44.

45.     The defendants can neither admit nor deny the allegations in paragraph 45 because the allegations are vague. Specifically, a "risk-limiting audit" is a vague phrase.

46.     Admit in part that Tippecanoe County has used Dominion AccuVote DRE voting machines in past elections.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 46.

47.     Defendants lack sufficient information to admit or deny the allegations in paragraph 47.

48.     Defendants lack sufficient information to admit or deny the allegations in paragraph 48.

## V. SECURITY CONCERNS WITH DRE MACHINES

49.     Deny.

50.     Defendants lack sufficient information to admit or deny the allegations in paragraph 50.

51.     The link provided speaks for itself.  Defendants deny any remaining allegations in paragraph 51.

52.     The "Securing the Vote: Protecting American Democracy" Report ("the Report") cited by Plaintiffs speaks for itself.   Defendants deny any remaining allegations in paragraph 52.

53.     The Report speaks for itself.   Defendants deny any remaining allegations in paragraph 53.

54.     The Report speaks for itself.   Defendants deny any remaining allegations in paragraph 54.

55.     The Report speaks for itself.   Defendants deny any remaining allegations in paragraph 55.

56.     The resolution at the link provided speaks for itself.  Defendants deny any remaining allegations in paragraph 56.

57.     The article "Election Security in All 50 States" at the link provided by Plaintiffs speaks for itself.  Defendants deny any remaining allegations in paragraph 57.

58.     Senate Enrolled Act 570 speaks for itself.   Defendants deny any remaining allegations in paragraph 58.

59.     Indiana Code sections 3-11-15-13.3(c), 3-11-14-2(b) and (c) all speak for themselves.  Defendants deny any remaining allegations in paragraph 59.

60.     Senate Enrolled Act 405 speaks for itself.  Indiana Code sections 3-12-13-4, and -5 also speak for themselves.  Defendants deny any remaining allegations in paragraph 60.

61.     Defendants lack sufficient information to admit or deny the allegations in paragraph 61.

62.     The Final Report of the Special Counsel Into Russian Interference in the 2016 Presidential Election speaks for itself.  Defendants deny any remaining allegations in paragraph 62.

63.     The Report on Russian Active Measures Campaigns and Interference in the 2016 U.S. Elections speaks for itself.  Defendants deny any remaining allegations in paragraph 63.

64.     The Report on Russian Active Measures Campaigns and Interference in the 2016 U.S. Elections speaks for itself.  Defendants deny any remaining allegations in paragraph 64.

65.     The Stanford Report speaks for itself.  Defendants deny any remaining allegations in paragraph 65.

66.     The Stanford Report speaks for itself.  Defendants deny any remaining allegations in paragraph 66.

67.     The Stanford Report speaks for itself.  Defendants deny any remaining allegations in paragraph 67.

68.     The Stanford Report speaks for itself. Defendants deny any remaining allegations in paragraph 68.

69.     Defendants lack sufficient information to admit or deny the allegations in paragraph 69.

70. Defendants lack sufficient information to admit or deny the allegations in paragraph 70.

71. The Mueller Report and the Stanford Report speak for themselves. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 71.

72. The EVEREST study speaks for itself. Defendants deny any remaining allegations in paragraph 72.

73. The EVEREST study speaks for itself. Defendants deny any remaining allegations in paragraph 73.

74. Deny.

75. Deny.

76. Defendants admit in part that "paper-based systems" can be effectively audited and deny the remaining allegations in paragraph 76.

77. Deny.

78. Deny.

79. Deny.

80. *Crawford v. Marion Co. Elec. Bd.,* 553 U.S. 181, 191 (2008) speaks for itself. Defendants deny any remaining allegations in paragraph 80.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85.      Deny.

86.      Deny.

## VI. FEDERAL CLAIMS

### A. Right to Vote

87.      Defendants incorporate responses to paragraphs 1 through 86.

88.      This paragraph is a legal argument and contains no allegations against Defendants; accordingly, no response is necessary.

89.      Defendants lack sufficient information to admit or deny the allegations in paragraph 89.

90.      Deny.

91.      This is a legal conclusion and contains no allegations against Defendants; accordingly, no response is required.

92.      This is a conclusion of Plaintiffs' legal argument and no response is required.

### B. Equal Protection

93.      Defendants incorporate responses to paragraphs 1 through 92.

94.      This paragraph is a legal argument and contains no allegations; accordingly, no response is necessary.

95.      This is a legal conclusion and no response is required.

### VI. STATE LAW CLAIMS

96.      Defendants incorporate responses to paragraphs 1 through 95.

97.      This is a legal conclusion and no response is required.

98.    Deny.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

1.      Any allegation not specifically admitted or denied by Defendants is denied.

2.      Defendants deny any violation of Plaintiffs' rights.

3.      Defendants reserve any and all rights they may have to amend their Answer as the case progresses.

## STATEMENT OF AFFIRMATIVE DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, for defenses to Plaintiff's Complaint, Defendants assert the following:

1.      The complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' allegations are broad and do not establish causality between the claims made and the Indiana laws complained of.

3.      Plaintiffs have not been injured or their injuries are speculative.

4.      Plaintiffs lack standing to bring one or more claims asserted.

5.      All challenged statutes are constitutional.

6.      Plaintiffs cannot establish any discriminatory conduct occurred or will occur as a result of the challenged statutes.

7.      Actions performed in accordance with the challenged statutes do not violate the United States Constitution or Indiana Constitution.

8.      The challenged statutes do not deny or abridge any voting right.

9.     Defendants reserve the right to assert any and all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

**WHEREFORE**, Defendants request that Plaintiffs take nothing by way of their Complaint and that judgment be entered for the Defendants.

Respectfully submitted,

CURTIS T. HILL, JR.
Indiana Attorney General
Attorney No. 13999-20

Date: January 30, 2020          By:     Jefferson S. Garn
Attorney No. 29921-49
Section Chief, Administrative and
Regulatory Enforcement Litigation

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 234-7119
Email: Jefferson.Garn@atg.in.gov